Ray R. Brown
DILLON & FINDLEY, P.C.
510 L Street, Suite 603
Anchorage, AK  99501
Phone 277-5400
Fax   277-9896

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

GREGORY JOHNSON and KIMBERLY  )
JOHNSON, individually and     )
on behalf of their minor      )
children, MADISON JOHNSON and )
ALEXANDER JOHNSON,            )
                              )
            Plaintiffs,       )
vs.                           )
                              )
UNITED STATES OF AMERICA,     )
NORTON SOUND HEALTH CORP.,    )
and KAREN F. O'NEILL, M.D.,   )
                              )
            Defendants.       )
_____)  Case No. 3:06-CV-_____

# COMPLAINT

COME plaintiffs, through counsel, the law firm of Dillon & Findley, P.C., for their respective causes of action against defendants, hereby allege as follows:

1.  Plaintiffs Gregory Johnson and Kimberly Johnson, husband and wife, are and have been during all relevant times

alleged herein residents of Unalakleet, Alaska. Plaintiff Madison Johnson is the minor daughter of Gregory and Kimberly Johnson and is and has been during all relevant times a resident of Unalakleet, Alaska. Plaintiff Alexander Johnson, the minor son of Gregory and Kimberly Johnson, was born in Denver, Colorado but is and has been a resident of Unalakleet, Alaska during all relevant times as alleged herein.

2. This cause of action arises under the Federal Tort Claims Act 28 U.S.C. § 1346, 2401 and 2671 *et seq*.

3. This complaint alleges negligence on the part of the Norton Sound Health Corporation, Karen F. O'Neill, MD, David Davalos, and Kerilee Katongan.

4. On information and belief, Karen F. O'Neill, MD was a medical doctor employed by, contracted with, or an agent of the Norton Sound Health Corporation, during all relevant times as alleged herein. On information and belief, David Davalos and Kerilee Katongan were certified community health aides or physician's assistants employed by, contracted with, or agents of Norton Sound Health Corporation, during all relevant times as alleged herein.

5. Norton Sound Health Corporation during all relevant times alleged herein was part of the Department of Health &

Human Services Public Health Service ("PHS") and/or operating under a contract with the PHS and therefore under 25 U.S.C. § 450f, the United States is the proper defendant concerning allegations of negligence on the part of Norton Sound Health Corporation.

6. On or about August 11, 2005, the claims set forth herein were presented to the PHS. Since that agency has failed to make a final disposition of the claim within the six month time period, plaintiffs deem such failure to be a denial of their claims pursuant to 28 U.S.C. § 2675.

7. Defendant Norton Sound Health Corporation operates the Unalakleet Clinic, which is part of its Village Health Services Department that is located in Unalakleet, Alaska.

**ALLEGATIONS OF NEGLIGENCE**

Plaintiffs reallege paragraphs 1 through 7 as if fully set forth herein, and further allege as follows:

8. On May 21, 2004, plaintiff Gregory Johnson sustained a back injury while lifting heavy cases of computers. By that evening, his pain level had increased making it difficult for him to sit, stand, or lay down.

9. Early in the morning of May 22, 2004, plaintiff Gregory Johnson woke plaintiff Kimberly Johnson in extreme pain.

Concerned, Kimberly dialed 911 and requested the community health aide on call at the Unalakleet Clinic. On information and belief, defendant health aide Kerilee Katongan responded to that call by coming to plaintiffs' residence. Despite Gregory's subjective complaints, no physical examination was conducted and, instead, he was provided Tylenol 3, a medication which contains Codeine.

10. Later that morning, defendant David Davalos, PA responded to plaintiffs' residence. A brief neurological exam indicated, among other things, the presence of an intervertebral disk injury at L4-5 and decreased strength in dorsiflexion. The diagnosis included an acute lower back strain with possible disc injury. Despite a two day history of progressive pain with a reported inability to stand or sit due to increased pain, as well as bilateral tingling, Mr. Davalos, in apparent consultation with Dr. Karen F. O'Neill, failed to conduct an adequate neurological exam; failed to advise Gregory Johnson or Kimberly Johnson as to an appropriate differential diagnosis and its potential likely sequelae; and failed to recommend his transport to a more appropriate facility despite the fact that there was no ability of defendant Norton Sound Health Corporation to treat his progressive deterioration.

11. Later on May 22, 2004, plaintiff Kimberly Johnson again contacted defendant, David Davalos, PA. She reported that Gregory's condition had continued to deteriorate. Mr. Davalos came back to the Johnson residence and was advised that Gregory's pain had now increased to the point that he was unable to ambulate to the bathroom and was using a bedpan. It was also reported that his feet were "going numb" and were cold. Again, despite the progression of Gregory's signs and symptoms, Mr. Davalos failed to conduct an adequate (or any) neurological examination; failed to adequately advise either Gregory or Kimberly of the appropriate differential diagnosis for Gregory's deteriorating condition; and failed to recommend his transport to a more appropriate treatment facility. On information and belief this was done, apparently, in consultation with Dr. Karen F. O'Neill.

12. On the following day, May 23, 2004, defendant David Davalos, PA was again called and responded to the Johnson residence. At that point, his treatment of Mr. Johnson consisted of an injection of an apparent narcotic medication. Mr. Davalos was advised during this timeframe that Gregory was unable to urinate without difficulty and subsequently lost control of his bladder. A brief neurological examination

conducted by Mr. Davalos demonstrated progressive signs and symptoms.

13. Despite the ominous signs and symptoms demonstrating a significant deterioration in Gregory's condition, defendant David Davalos failed to advise either Gregory or Kimberly of the appropriate differential diagnosis of his condition and likely sequelae should emergent treatment not be initiated; and failed to order an emergent transport to an appropriate treatment facility to address his deteriorating condition.

14. On the following day, May 24, 2004, air transportation was finally arranged for Gregory's transport to Anchorage, Alaska. Unfortunately, when defendant David Davalos, PA reported to the Johnson home, it was apparent (and was previously apparent) that Gregory would not be able to be transported commercially to Anchorage. Accordingly, a specialized Medevac transport plane was requested and finally departed with Gregory at around 2:00 p.m. that day.

15. Prior to his transport, a neurological examination conducted by defendant David Davalos, PA indicated decreased sensation to both soft and sharp touch with no dorsiflexion and greatly decreased plantar flexion. Mr. Davalos also observed the soiling of Gregory's undergarments by both urine and stool.

16. Following Gregory's transport to Anchorage, Alaska, he was admitted to Providence Alaska Medical Center. For the first time, he was correctly diagnosed with cauda equina syndrome. Remedial surgery was performed by an attending neurosurgeon. Unfortunately, given the delay in diagnosis, transport and treatment as above alleged, he has been left with permanent and profound neurological injuries.

**ALLEGATIONS OF NEGLIGENCE AGAINST THE UNITED STATES**

**COUNT I – KAREN F. O'NEILL, MD**

Plaintiffs reallege paragraphs 1 through 16 as if fully set forth herein, and further allege as follows:

17. On information and belief, Dr. O'Neill was a federal employee working on the staff of the Norton Sound Health Corporation.

18. On information and belief, Dr. O'Neill was the consulting physician with the Unalakleet Clinic and was on duty for at least May 22, 2004 and perhaps May 23, 2004 as well.

19. As a consulting physician, Dr. O'Neill owed plaintiff Gregory Johnson a duty to diagnose and treat his existing condition with a degree of care and/or with a degree of knowledge or skill possessed by or ordinarily exercised by medical doctors trained in her particular field.

20. Defendant Dr. O'Neill either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained in her field in at least the following ways: she failed to diagnose and/or differentially diagnose Gregory Johnson's existing condition; failed to see Mr. Johnson and to personally examine him; and/or failed to order appropriate diagnostic testing including an adequate neurological examination; and/or failed to recommend emergent transport to treat his existing condition, particularly given its progression; and failed to provide him with adequate information to allow him and/or Kimberly Johnson to make an informed decision as to alternative diagnostic and/or treatment protocols and urgent or emergent transport to a more appropriate facility to diagnose and treat his existing condition.

21. As a direct and proximate result of the negligent and/or recklessly indifferent acts as above alleged, plaintiff Gregory Johnson suffered severe and permanent personal injuries, permanent disfigurement and disability, past and future medical expenses, past and future wage loss, pain and suffering, emotional distress, diminishment of ability to enjoy life's

benefits and a loss of a chance of a complete or better recovery.

22. As a direct and proximate result of the negligent and/or recklessly indifferent acts as above alleged, plaintiff Kimberly Johnson suffered the infliction of emotional distress and has and will continue to suffer the loss of consortium of her husband, Gregory Johnson. Additionally, Kimberly Johnson will suffer future wage loss as a result of Gregory Johnson's injuries. Plaintiffs Madison Johnson and Alexander Johnson have and will continue to experience the loss of consortium of their parent.

**COUNT II – NEGLIGENCE OF HEALTH AIDES
DAVID DAVALOS AND KERILEE KATONGAN**

Plaintiffs reallege paragraphs 1 through 22 as if fully set forth herein, and further allege as follows:

23. On information and belief, defendants David Davalos and Kerilee Katongan were federal employees working on the staff of Norton Sound Health Corporation as community health aides or physician assistants at the Unalakleet Clinic.

24. Both David Davalos and Kerilee Katongan owed a duty to plaintiff Gregory Johnson to diagnose and treat his existing condition with a degree of care and/or with a degree of

knowledge or skill possessed by or ordinarily exercised by health aides or physician assistants trained in their respective fields.

25. Defendants David Davalos and Kerilee Katongan either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by health aides/physician assistants in at least the following ways:  in either or both's failure to diagnose and/or differentially diagnose plaintiff Gregory Johnson's existing condition; in either or both's failure to recommend emergent transport to treat his existing condition, particularly given its progression; and either or both's failure to provide him or Kimberly Johnson with adequate information to allow him to make an informed decision as to alternative diagnostic and/or treatment protocols and urgent or emergent transport to a more appropriate facility to diagnose and treat his existing condition.

26. As a direct and proximate result of the negligent and/or recklessly indifferent acts as above alleged, plaintiff Gregory Johnson suffered severe and permanent personal injuries, permanent disfigurement and disability, past and future medical expenses, past and future wage loss, pain and suffering,

emotional distress, diminishment of ability to enjoy life's benefits and a loss of a chance of a complete or better recovery.

27. As a direct and proximate result of the negligent and/or recklessly indifferent acts as above alleged, plaintiff Kimberly Johnson suffered the infliction of emotional distress and has and will continue to suffer the loss of consortium of her husband, Gregory Johnson. Additionally, Kimberly Johnson will suffer future wage loss as a result of Gregory Johnson's injuries. Plaintiffs Madison Johnson and Alexander Johnson have and will to continue to experience the loss of consortium of their parent.

**COUNT III - NORTON SOUND HEALTH CORPORATION**

Plaintiffs reallege paragraphs 1 through 27 as if fully set forth herein, and further allege as follows:

28. On information and belief, defendant Norton Sound Health Corporation was, during all times relevant to the acts as alleged herein, a part of the Department of Health & Human Services Public Health Service ("PHS") and/or operating under a contract with the PHS and therefore under 25 U.S.C. § 450f. Accordingly, the United States is the proper defendant

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
510 L Street, Suite 603
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

concerning allegations of negligence on the part of Norton Sound Health Corporation and its village health services.

29. On information and belief, Dr. Karen F. O'Neill, David Davalos, PA, and Kerilee Katongan were the employees and/or agents of Norton Sound Health Corporation at all times relevant to the acts alleged herein.

30. Norton Sound Health Corporation is vicariously liable for the negligence and/or reckless acts of its employees and/or agents as alleged above.

31. As a direct and proximate result of the negligent and/or recklessly indifferent acts as above alleged, plaintiff Gregory Johnson suffered severe and permanent personal injuries, permanent disfigurement and disability, past and future medical expenses, past and future wage loss, pain and suffering, emotional distress, diminishment of ability to enjoy life's benefits and a loss of a chance of a complete or better recovery.

32. As a direct and proximate result of the negligent and/or recklessly indifferent acts as above alleged, plaintiff Kimberly Johnson suffered the infliction of emotional distress and has and will continue to suffer the loss of consortium of her husband, Gregory Johnson. Additionally, Kimberly Johnson

will suffer future wage loss as a result of Gregory Johnson's injuries. Plaintiffs Madison Johnson and Alexander Johnson have and will to continue to experience the loss of consortium of their parent.

WHEREFORE, plaintiffs pray for the following relief:

1. Compensation for all categories of damages allowed under AS 09.55.570 and AS 09.55.580 in effect as of the date giving rise to the claims alleged herein in the total amount as stated on plaintiffs' Standard Form 95 dated August 11, 2005;

2. Compensation for emotional distress; loss of consortium; and any other damage suffered as determined at trial;

3. All costs and other relief deemed just and proper.

DATED this 19th day of May 2006, at Anchorage, Alaska.

           DILLON & FINDLEY, P.C.
           Attorneys for Plaintiff


          By: s/Ray R. Brown
            Ray R. Brown, ABA No. 8206012
            510 L Street, Suite 603
            Anchorage, Alaska  99501
            Phone:  277-5400
            Fax:    277-9896
            Email:  ray@dillonfindley.com