DEBORAH M. SMITH
Acting United States Attorney

Susan J. Lindquist
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY JOHNSON and KIMBERLY JOHNSON, individually and on behalf of their minor children, MADISON JOHNSON and ALEXANDER JOHNSON,<br><br>            Plaintiffs,<br>    vs.<br><br>UNITED STATES OF AMERICA, NORTON SOUND HEALTH CORP., and KAREN F. O'NEILL, M.D.,<br>            Defendants. | Case No.  3:06-cv-00120-RRB<br><br><br><br><br><br><br><br><br>**ANSWER TO COMPLAINT** |

The United States of America, through counsel and using the same

numbering of paragraphs and sentences in Plaintiffs' Complaint, admit, deny and

allege as follows:

1. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 1.

2. The averments of Paragraph 2 amount to a legal conclusion to which no response is required.

3. The averments of Paragraph 3 amount to a legal conclusion to which no response is required, but to the extent that this paragraph alleges negligence on the part of defendants, it is denied.

4. Defendant admits only that Karen F. O'Neill, M.D., David Davalos, P.A.C., and Relief Health Aide Kerilee Katongan were employed by the Norton Sound Health Corporation("NSHC") at all times relevant to the complaint.

5. Defendant admits that, at all times relevant to the complaint, NSHC was operating pursuant to a compact with the Indian Health Service, governed by the Indian Self-Determination and Education Assistance Act of 1975, ("ISDEAA"), codified at 25 U.S.C. §§ 450a - n, and that the United States is the only proper defendant in an action against NSHC for conduct within the course and scope of its compact and funding agreement.

6. Defendant admits only that on August 22, 2005, Plaintiffs filed a single administrative tort claim with the Department of Health and Human Services and that more than six months have elapsed since their clam was filed.

7. Admitted.

## ALLEGATIONS OF NEGLIGENCE

Defendant incorporates by reference its responses to Paragraph 1 through 7 above as if fully set forth herein.

8. Defendant is without knowledge or information sufficient to admit or deny the averments of the first sentence of Paragraph 9. Defendant admits that on May 22, 2004, David Davalos, P.A.C., and Relief Health Aide Kerilee Katongan responded to Mr. Johnson's residence and that Mr. Johnson was given Tylenol 3 with codeine. Defendant denies that no physical examination was performed on May 22, 2004 as Mr. Davalos performed the physical examination. Defendant is without knowledge or information sufficient to admit or deny whether Ms. Katongan responded to the residence alone prior to the time that she arrived with Mr. Davalos.

9.  Defendant admits that at approximately 9:20 a.m., on the morning of May 22, 2004, Mr. Davalos made a home visit to Mr. Johnson's residence and that he performed a neurological examination, which showed that Mr. Johnson had suffered an injury at L4-5.  Defendant admits further that Mr. Johnson demonstrated weakness on dorsiflexion of both feet.  Defendant further admits that Mr. Davalos diagnosed Mr. Johnson with back strain and possible disc injury to the extent that was possible without an MRI and CT scan, but denies the remaining averments of Paragraph 9.

10. Defendant is without knowledge or information sufficient to admit or deny the first sentence of Paragraph 10.  Defendant admits that Mr. Davalos returned to Mr. Johnson's residence on May 22, 2004 to provide him an injection of morphine to relieve his symptoms.  Defendant admits that Mr. Johnson reported that he could not stand or sit without pain, and was experiencing intermittent numbness and tingling in his legs.  Defendant denies that Mr. Davalos failed to conduct an adequate neurological examination, failed to adequately advise Plaintiffs of Mr. Johnson's differential diagnosis, and failed to recommend transport of Mr. Johnson to a more appropriate treatment facility, as arrangements had been made for

Mr. Johnson's air transportation to Providence Alaska Medical Center (PAMC) in Anchorage, Alaska for May 23, 2004. Defendant admits that Mr. Davalos consulted Dr. O'Neill in order to order additional medications from Nome, Alaska, but denies the remaining averments of Paragraph 10.

11. Defendant admits that Mr. Davalos returned to the Johnson residence at approximately 4:00 p.m. on May 23, 2004 to transport him to PAMC. Defendant further admits that Mr. Johnson complained to Mr. Davalos that he was having trouble controlling his urination, and was experiencing numbness in his legs and trouble sitting. Defendant admits that Mr. Davalos conducted further neurological examination, which revealed weakness in dorsiflexion and plantar flexion, that he continued Mr. Johnson's pain medications, and that he recommended that Plaintiff agree to immediate transport to PAMC in Anchorage, but Mr. Johnson refused to go.

12. Denied.

13. Defendant admits that on May 24, 2004, Mr. Davalos arranged for Mr. Johnson's transportation to PAMC by Medevac since his symptoms on that date prevented his transport by commercial aircraft, as was originally planned. Defendant denies that prior to May 24, 2004, Mr. Johnson could

not have been transported to Anchorage by commercial aircraft. Defendant admits that Mr. Johnson was transported to PAMC at approximately 2:00 p.m. on May 24, 2004.

14. Admitted.

15. Upon information and belief, Defendant admits the averments of the first sentence of Paragraph 16. Defendant is without knowledge or information sufficient to admit or deny the remaining averments of Paragraph 15.

## ALLEGATIONS OF NEGLIGENCE AGAINST THE UNITED STATES

### (Count I - Karen O'Neill, M.D.)

Defendant incorporates by reference its responses to Paragraph 1 through 15 above as if fully set forth herein.

16. Defendant admits only that, pursuant to her contract with NSHC, Dr. O'Neill was a deemed employee of the Public Health Service at the time of the incident and thus, was entitled to coverage under the Federal Tort Claim Act for conduct within the course and scope of her employment.

17. Defendant admits only that Mr. Davalos consulted Dr. O'Neill on May 22, 2004 concerning Mr. Johnson's medication, but is without knowledge or information to admit or deny the remaining averments of Paragraph 17.

18. The averments of Paragraph 18 amount to a legal conclusion to which no response is required.

19. Denied.

20. Denied.

21. Denied.

**(Count II - Negligence of Health Aides David Davalos and Kerilee Katongan)**

Defendant incorporates by reference its responses to Paragraph 1 through 21 above as if fully set forth herein.

22. Defendant admits only that, pursuant to their contracts with NSHC, David Davalos, P.A.C., and Relief Health Aide Kerilee Katongan were deemed employees of the Public Health Service at the time of the incident and thus, were entitled to coverage under the Federal Tort Claim Act for conduct within the course and scope of their employment.

23. The averments of Paragraph 23 amount to a legal conclusion to which no response is required.

24. Denied.

25. Denied.

26. Denied.

## (Count III - Negligence of Norton Sound Health Corporation)

Defendant incorporates by reference its responses to Paragraph 1 through 26 above as if fully set forth herein.

27. Defendant admits that, at all times relevant to the complaint, NSHC was operating pursuant to it compact with the Indian Health Service, and that the United States is the only proper defendant in an action against NSHC for conduct of NSHC employees acting within the course and scope of its compact and funding agreement.

28. Defendant admits that, at all times relevant to the complaint, David Davalos, P.A.C. and Kerilee Katongan were employees of NSHC.

29. Defendant admits that, at all times relevant to the complaint, NSHC was operating pursuant to it compact with the Indian Health Service, and that the United States is the only proper defendant in an action against NSHC for conduct of NSHC employees acting within the course and scope of its compact and funding agreement.

30. Denied.

31. Defendant denies the averments of the first sentence of Paragraph 31. Defendant is without knowledge or information sufficient to admit or deny

the extent of any injuries suffered by Kimberly, Madison or Alexander Johnson, but denies that their injuries were caused by the acts or omissions of an employee of NSHC.

32. Defendant denies the averments of the first sentence of Paragraph 32. Defendant is without knowledge or information sufficient to admit or deny the extent of any injuries suffered by Kimberly, Madison or Alexander Johnson, but denies that their injuries were caused by the acts or omissions of an employee of NSHC.

Any averment not specifically admitted is denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

## THIRD DEFENSE

If Defendant was negligent, which is expressly denied, others, including

Plaintiffs, were also comparatively negligent. Defendant may thus only be held liable for its proportionate share of the fault, if any.

### FOURTH DEFENSE

Plaintiffs' claim for damages is limited to damages recoverable under 28 U.S.C. § 2674, and Alaska law, and may not include prejudgement interest.

### FIFTH DEFENSE

Plaintiffs' recoverable damages are limited to the amount requested in their administrative tort claim. 28 U.S.C. § 2675(b).

### SIXTH DEFENSE

Defendant's liability, if any, for non-economic damages for all Plaintiffs collectively is limited to the amount recoverable under Alaska stat. § 09.17.010.

### SEVENTH DEFENSE

Defendants Norton Sound Health Corporation and Karen F. O'Neill, M.D. are immune from suit in an individual capacity for actions taken within the course and scope of their employment.

**WHEREFORE**, Defendant, the United States of America, demands judgment granting such further relief as the Court deems just and proper, including costs.

RESPECTFULLY SUBMITTED on August 4, 2006.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Susan J. Lindquist
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3378
>Fax: (907) 271-2344
>E-mail: susan.lindquist@usdoj.gov
>AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2006,
a copy of the foregoing Answer was served
electronically on Ray R. Brown.

s/ Susan J. Lindquist