NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY JOHNSON and KIMBERLY JOHNSON, individually and on behalf of their minor children, MADISON JOHNSON and ALEXANDER JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) Case No.  3:06-cv-00120-RRB<br>)<br>)<br>)<br>)<br>) **UNITED STATES' REPLY TO**<br>) **THE RESPONSE IN**<br>) **OPPOSITION TO ITS MOTION**<br>) **FOR PARTIAL SUMMARY**<br>) **JUDGEMENT**<br>)<br>)<br>)<br>)<br>) |

The United States, through counsel, replies to the response in opposition to its motion for partial summary judgment.

### A.     <u>Kim Johnson Did Not Experience Severe Emotional Distress From Witnessing Davalos Treat Her Husband</u>.

The parties agree that Kim's NIED claim is based on the bystander rule. Dkt 18 at 15. Kim relies on <u>Ochoa v. Superior Court</u>, 703 P.2d 1 (Ca 1985), to support her NIED claim. In <u>Ochoa</u>, the court addressed the concern that allowing an NIED claim without strict application would lead to "'infinite liability." <u>Id.</u> at 9. The court assuaged this concern by stating that "courts should allow plaintiffs to go forward when their shock and trauma stems from their sensory perception of defendant's conduct and their loved one's injury, particularly where, as here, defendants could clearly foresee Mrs. Ochoa's traumatized reaction." <u>Id.</u> The court also stated that when there is "observation of the defendant's conduct and the child's injury and contemporaneous awareness the defendant's conduct or lack thereof is causing harm to the child, recovery is permitted." <u>Id.</u> at 8. Moreover, the court distinguished compensation to "abnormal life experiences which cause emotional distress." <u>Id.</u> at 5. It explained that "while it is common to visit a loved one in a hospital and to be distressed by the loved one's pain and suffering, it is highly uncommon to witness the apparent neglect of the patient's immediate medical needs by personnel." <u>Id.</u> at 5.

The California Supreme Court later clarified the factors necessary to form

an NIED claim.  Thing v. La Chusa, 771 P.2d 814 (Ca 1989).  It stated :

> We conclude, therefore, that a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; [FN10] (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; [FN11] and (3) as a  result suffers serious emotional distress--a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances. [FN12] These factors were present in ***Ochoa*** and each of this court's prior decisions upholding recovery for NIED.

Id. at 830.  The court also approved the Supreme Court of Hawaii's description of serious emotional distress, which is  "'serious mental distress may be found where a reasonable [person] normally constituted, would be unable to adequately cope with the mental distress engendered by the circumstances of the case.'" Id. at n.12., citation omitted.  This description of the degree of stress required for an NIED claim comports with the description of the distress required for an NIED claim in Chizmar v. Mackie,  896 P.2d 196, 204 (Alaska 1995), where the court wrote:

> We emphasize that a plaintiff may recover for only 'severe' or 'serious' emotional distress under any of the above theories.   There are compelling reasons for limiting the recovery of the plaintiff to claims of serious mental distress.   '[S]erious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the

circumstances of the case.' Examples of serious emotional distress may include 'neuroses, psychoses, chronic depression, phobia, and shock.' However, temporary fright, disappointment or regret does not suffice under this standard.

In <u>Ochoa</u>, there was no doubt that the shock and trauma stemmed from the mother's sensory perception of the defendant's conduct and awareness of her loved one's injury. When the mother visited her son "Rudy was exhibiting alarming symptoms, including a soaring temperature, dehydration, vomiting, hallucinations, the beginnings of convulsions and severe pain on his left side. He was also observed vomiting blood. These conditions indicated, even to a layperson, that emergency measures were needed." <u>Id.</u> at 13.

Kim's observation of Mr. Davalos' treatment of her husband, by contrast, was not an abnormal life experience. Her observation of severe pain and inability to move occurred before her husband was treated. Dkt 18 at 3. Kim was not aware of any serious, permanent medical problem when observing the care Davalos provided. Dkt 18. She knew that Greg had numbness in his feet and problems moving his legs, but she did not contemplate permanent paralysis . Dkt 18 at 6. Although Kim argues that she lost her temper, Davalos actually testified that she raised her voice and she testified that she was frustrated, but continually reassured. Dkt 18, n. 52 & 12. Pain and neurological deficits from a back injury

were not shocking events.  Kim was not shocked enough to fly with Greg to Anchorage.  The shock came with the phone call from the neurosurgeon, which did not involve observing Davalos' alleged failure to treat Greg properly.  It was only then that she called her parents and cried and worried.  Dkt 14 at 4.  None of her reactions before then constituted the serious mental distress engendered by the circumstances of the treatment, which a reasonable person normally constituted, would be unable to adequately cope.

The government agrees that any injury based on malpractice occurred as a result of Davalos' actions in Unalakleet.  Dkt 18 at 24.  But Kim did not experience any crying and worrying during that period.  She did not experience "shock and trauma" which stemmed from her "sensory perception of defendant's conduct and their loved one's injury," until she got the call from Dr. Cohen when Greg was in Anchorage.  See Ochoa, 703 P.2d 1 at 9.  Kim experienced concern and frustration from her sensory perceptions of Davalos' alleged treatment or failure to treat her husband.  The facts of this case do not warrant a claim for negligent infliction of emotional distress .

**B.     On the Loss of Consortium Claim, Kim is not Entitled to Recover For and Decrease in Wages Caused by a Voluntary Move.**

Although both Kim Johnson and Greg Johnson are named Plaintiffs, only Greg is a Plaintiff for the claim of medical malpractice. He can recover under AS 09.55.547. But Kim is asserting that she has the right to recover all damages available under AS 09.55.547, by virtue of being a spouse. Dkt 18 at 25-6. There is no law that supports this proposition. Because Kim was not provided health care services or medical products as required by AS 09.55.547, her claim does not arise under that statute.

Kim cites to cases in which an injured spouse attempted to claim damages for assistance provided by the uninjured spouse. As Kim readily asserts, the cases all deal with the provision of personal care for the injured spouse. Dkt 18 at 16. The courts uniformly rejected recovery. Kim argues that the only reason the court's rejected the claims was because of the danger of double recovery and because Kim did not provide services, there is no danger in this case. Her conclusion is that absent the risk of double recovery, any court would necessarily award a non-injured spouse economic damages for lost future wages and diminished retirement. The law, however, only provides a non-injured spouse with one cause of action, which is loss of consortium. There is no law establishing

a non-injured spouse's right to economic damages.  Her claim should be denied.

Kim's only legal right is for loss of consortium.  It is well established that loss of consortium damages are non-economic.  The loss to be compensated in a loss of consortium claim is consortium.  The wife's claim for loss of consortium was recognized in <u>Schreiner v. Fruit</u>, 519 P.2d 462, 465 (Alaska 1974).  The court described the claim it was recognizing:

> A claim for relief for loss of consortium provides a means of recovery for an injury not otherwise compensable. It should be recognized as 'compensating the injured party's spouse for interference with the continuance of a healthy and happy marital life.' [FN18] The interest to be protected is personal to the wife, for she suffers a loss of her own when the care, comfort, companionship, and solace of her spouse is denied her. The basis for recovery is no longer the loss of services, but rather the injury to the conjugal relation.

The possible damages for loss of consortium are to sexual relations, the right to each other's company, cooperation, affection and companionship.  <u>Smith v. City of Fairbanks</u>, 525 P.2d 1095, 1098 (Alaska 1974).  The definition of consortium does not include a claim for lost wages and diminished retirement for the uninjured spouse.

### C. Kim Has No Right To Economic Damages For an NIED Claim.

Kim has no right to economic damages even if she were to establish an NIED claim. When an NIED claim is brought together with a wrongful death claim, the NIED action compensates for mental distress from having witnessed an accident or the immediate consequences of an accident. Tommy's Elbow Room, Inc. V. Kevorkian ("Kevorkian"), 727 P.2d 1038, 1048 n. 13 (Alaska 1986). The same rule should apply when an uninjured spouse brings a derivative action for loss of consortium based on alleged medical malpractice along with an NIED claim. Recovery on the NIED claim should be limited to compensating the mental distress from having witnessed an accident or the immediate consequences of an accident. In Ochoa, upon which Kim relies, the Californian court also focused on the fact that the Plaintiff in an NIED claim is owed a duty as a "percipient witness" and not as a direct victim of negligence. 703 P.2d at 10. The NIED tort is highly restrictive in the actionable conduct, and the foreseeable damages awarded should be equally restrictive and compensate only for the emotional distress which arose from the viewing the event.

The damages recoverable for NIED are considered non-economic damages. Hagens Insurance, Inc. v. Roller, 139 P.3d 1216, 1219 (Alaska 2006). The

difference between NIED and other on-economic damage claims is that damages can be awarded even without a physical injury in certain narrow circumstances. Id.  The court clearly placed an NIED claim in the same category as claims for which only non-economic damages are recoverable.

Damages for NIED are recoverable, provided that such damages are foreseeable and severe . . . . Chizmar v. Mackie, 896 P.2d 196, 214 (Alaska 1995).  "In the particular context of recovery for purely economic loss, this court has stated that a plaintiff must establish that 'the defendant[ ] knew or reasonably should have foreseen both that particular plaintiffs or an identifiable class of plaintiffs were at risk and that ascertainable economic damages would ensue from the conduct.'"   Id. at 211, citing Mattingly v. Sheldon Jackson College, 743 P.2d 356, 360 (Alaska 1987).

A health care provider could not reasonably foresee a claim for economic damages, absent a physical injury, from simply viewing medical treatment. Certainly a claim for possible lost wages and diminished retirement, which haven't even occurred more than three years after the event, are not reasonably foreseeable damages.  It was foreseeable that an NIED claim could be brought without a physical injury, but the foreseeable damages were only for the

"emotional distress" that the witnessing of the accident or injury caused. See Chizmar, 896 P.2d at 203. If the tort is for inflicting emotional distress, it is only foreseeable that, absent physical injury, the defendant would have to pay for the value of that emotional distress.

The decision to forego a higher retirement and leave Unalakleet is not proximately caused by Kim's witnessing Mr. Davalos' treatment of her husband. Kim's decision to leave Unalaska and forego enhanced wages and retirement in the future, more than three years after the alleged malpractice in May of 2004, is not related to her witnessing an event. It is related to the family's desire to move to a city that is better equipped to deal with Greg's disabilities. Dkt 18 at 31. Kim's claim for economic damages was neither foreseeable nor proximately caused by her witnessing the alleged medical malpractice.

## CONCLUSION

No reasonable juror could conclude that the facts of this case qualify as a bystander claim for NIED. Greg was already in excruciating pain before Kim called the health care providers. Kim never expressed the required shock or serious emotional stress from observing Davalos' treatment of her husband.

Kim has two causes of action. Neither claim provides for economic

damages.  Her anticipated loss of wages and retirement benefits, more than three years after Greg's injury, do not flow from her witnessing the alleged incorrect medical treatment or from a loss of consortium .  The government asks this court to rule that Kim can only claim non-economic damages.

RESPECTFULLY SUBMITTED on September 21, 2007.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2007,
a copy of the foregoing
**UNITED STATES' REPLY TO THE RESPONSE IN OPPOSITION TO ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT**
was served electronically on Ray R. Brown.

s/ Susan J. Lindquist

Johnson v. US, et.al.
3:06-cv-00120-RRB                         -11-