Ray R. Brown/Mauri Long
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 100
Anchorage, AK 99501
Phone 277-5400
Fax    277-9896

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

GREGORY JOHNSON and KIMBERLY )
JOHNSON, individually and )
on behalf of their minor )
children, MADISON JOHNSON and )
ALEXANDER JOHNSON, )
                                        )
            Plaintiffs, )
vs. )
                                        )
UNITED STATES OF AMERICA, )
                                        )
            Defendant. )
_____ )   Case No. 3:06-CV-00120-RRB

**MOTION FOR RECONSIDERATION AND/OR CLARIFICATION AND/OR**
**TO CERTIFY THE QUESTION TO THE ALASKA SUPREME COURT UNDER ALASKA APPELLATE RULE 407(a)**

Pursuant to Local Civil Rule 59.1, plaintiffs move for reconsideration or clarification of the Court's order granting partial summary judgment. Alternatively, they seek certification of a question to the Alaska Supreme Court under Alaska Appellate Rule 407(a). In its October 3, 2007 order, the Court ruled, "Although Plaintiff Kimberly Johnson has asserted a valid claim for loss of consortium, she is not entitled to recover

for lost wages under this theory."[1]  Plaintiffs seek clarification of whether the Court's order intended to preclude recovery of Kim Johnson's lost wages and retirement benefits from Greg Johnson's medical malpractice claim for loss to the household income.  If so, plaintiffs hereby move for reconsideration of that order.[2]

Under AS 09.55.547, damages are to be awarded in accordance with principles of common law.  Common law provides for the recovery of economic and non-economic damages.[3]  A plaintiff is entitled to recover damages for such loss as was proximately caused by the defendant's conduct.[4]  The general principle underlying the assessment of damages in tort cases is that an injured person is entitled to be placed in the position he or she would have occupied had it not been for the defendant's tort.[5]

---

[1] As a point of clarification, plaintiffs' counsel does not seek and has never sought lost wages arising from Kimberly Johnson's loss of consortium or negligent infliction of emotional distress claims.

[2] In the alternative, the plaintiffs ask the court to certify to the Alaska Supreme Court under Alaska Appellate Rule 407(a) the narrow question of whether a spouse's loss in wages and retirement benefits as a result of being forced to relocate are cognizable damages under Greg Johnson's medical negligence claim.

[3] Economic damages are defined by statute as "objectively verifiable monetary losses incurred as a result of the provision of, use of, or payment for, or failure to provide, use, or pay for health care services or medical products, and includes past and future medical expenses, *loss of past and future earnings*, *cost of obtaining domestic services*, burial expenses, loss of use of property, cost of replacement or repair, loss of employment, and loss of business or employment opportunities."

[4] Transamerica Title Insurance Co. v. Ramsey, 507 P.2d 492, 497 (Alaska 1973).

[5] Beaulieu v. Elliot, 434 P.2d 665, 670-71 (Alaska 1971).

The Government's expert, Dr. Alex Barchuk, concurs that the Johnsons will be forced to relocate as a result of Greg Johnson's injuries.[6] Loss to household income and loss in retirement benefits are a foreseeable economic loss occurring because Greg Johnson and his family are forced by his injuries to move from Unalakleet. Any decrease in Kim Johnson's wages will result in a direct loss to Greg Johnson's household income. Additionally, the loss in retirement benefits occasioned by a premature move from Unalakleet will directly impact Greg Johnson as beneficiary of Kim Johnson's retirement benefits.[7]

If, indeed, the court concluded that Kim's future wages and retirement benefits should be excluded as a loss resulting from the medical malpractice to Greg Johnson, this court erred because those future benefits are an economic loss to the marital estate, causing Greg Johnson to lose the benefit of those earnings and pension. AS 14.25.164(b) provides that under the Teachers Defined Benefit Retirement Plan, a spouse is entitled to receive 50% of the retirement benefit that the deceased member was receiving (if retired).

---

[6] *See,* Dr. Barchuk's "Physical Medicine & Rehabilitation Life Care Planning Review." "With regard to future residence, it is advised that Mr. Johnson reside in an area which can provide him with the appropriate medical as well as therapeutic supportive services including access to appropriate medical personnel including Physical Medicine and Rehabilitation, Urology, Orthopedics, as well as appropriate Physical Therapy." (Exhibit A).

[7] As an offer of proof, plaintiffs intend to present testimony at trial that the losses from moving Kim Johnson's income and deferred service credit would be $77,015 and the Teachers' Pension would be $387,007. (See Exhibit B).

Kim's earnings during the marriage, including from retirement benefits are also considered assets of the marriage.

Numerous court cases addressing the disposition of marital property in a divorce matter make it clear that marital income and retirement benefits are marital property owned 50% by the non-member spouse.[8]  Kim Johnson's retirement benefit will be reduced as a result of the injury caused to Greg Johnson resulting from the malpractice which is the basis of this claim.  Should she predecease Greg or retire upon moving to Montana next year, the benefit to the martial estate, which is 50% owned by Greg Johnson will be reduced.  Alaska common law requires inclusion of these losses as an economic loss to Greg Johnson resulting from the tort at issue here.  Failure to so provide would result in a recovery that does not make him whole.

## CONCLUSION

For the above stated reasons, it is respectfully requested that this Court clarify its previous order granting partial summary judgment to the government regarding economic loss relating to the loss of Kimberly Johnson's income and retirement from relocation. To the extent that, or if, the Court intended to preclude this category of economic loss

---

[8]  Rice v. Rice, 757 P.2d 60 (Alaska 1988): "We have repeatedly held that to the extent retirement benefits have been earned during the marriage, they constitute marital assets and are subject to equitable division. See, Laing v. Laing, 741 P.2d 649, 655-58 (Alaska 1987); Miller v. Miller, 739 P.2d 163, 166 (Alaska 1987); Morlan v. Morlan, 720 P.2d 497, 498 (Alaska 1986); Chase v. Chase, 662 P.2d 944, 946 (Alaska 1983); Monsma v. Monsma, 618 P.2d 559, 561 (Alaska 1980); Cose v. Cose, 592 P.2d 1230, 1233 (Alaska 1979) (Matthews, J. concurring) cert. denied, 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981)."

from being brought under Greg Johnson's medical malpractice claim, the plaintiffs move for reconsideration on that portion of the order. Finally, in the alternative, plaintiffs request that the Court certify this question to the Alaska Supreme Court as an issue of first impression.

DATED this 9th day of October 2007, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: s/Ray R. Brown, Mauri Long
Ray R. Brown, ABA No. 8206012
Mauri Long, ABA No. 9001001
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Phone: 277-5400
Fax: 277-9896
Email: ray@dillonfindley.com
mauri@dillonfindley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9th, 2007 a copy of the foregoing Motion for Reconsideration and/or Clarification and/or to Certify the Question to the Alaska Supreme Court Under Alaska Appellate Rule 407(a) was served electronically on Susan J. Lindquist.

s/Ray R. Brown

Gregory Johnson, et al. v. USA, et al.
Case No. 3:06-CV-00120-RRB
MOTION FOR RECONSIDERATION AND/OR CLARIFICATION AND/OR TO CERTIFY THE QUESTION TO THE ALASKA SUPREME COURT UNDER ALASKA APPELLATE RULE 407**(a)**
Page 5 of 5