NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY JOHNSON and KIMBERLY JOHNSON, individually and on behalf of their minor children, MADISON JOHNSON and ALEXANDER JOHNSON,<br><br>          Plaintiffs,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | ) Case No.  3:06-cv-00120-RRB<br>)<br>)<br>)<br>)<br>) **UNITED STATES' RESPONSE IN**<br>) **OPPOSITION TO JOHNSONS'**<br>) **MOTION FOR**<br>) **RECONSIDERATION**<br>)<br>)<br>)<br>)<br>) |

The Johnsons' motion for reconsideration does not challenge the court's

two legal rulings that: 1) Kim Johnson does not have a claim for negligent

infliction of emotional distress, and 2) that Kim Johnson may assert a claim for loss of consortium, however, she cannot recover economic damages for this claim.

Greg Johnson has a medical malpractice claim, for which he can seek to recover his alleged economic losses. In their motion to reconsider, the Johnsons argue that Greg is legally entitled to recover his spouse's alleged economic losses (lost wages and retirement benefits). This is a novel theory. So novel that the Johnson's were unable to cite a single federal or state court case which has recognized, much less applied, this theory of recovery. Government counsel has found no cases which have allowed an injured spouse to recover his non-injured spouse's alleged economic damages. Such a result would be particularly strange where, as in this case, the non-injured spouse is not allowed to claim or recover such economic damages. This lack of legal authority is telling given that there are countless reported cases from federal and state courts involving tort claims by an injured spouse coupled with loss of consortium claims by the uninjured spouse. Given the frequency of these lawsuits, one would expect to find at least some court decisions that would have recognized the Johnsons' theory of damages. The lack of authority demonstrates that the Johnsons are trying to manufacture a cause of action or theory of recovery that does not exist.

Unable to find any "tort law" cases to support their arguments, the Johnson's go outside of the confines of tort law and into the area of divorce law and pension law. Their attempt to engraft legal arguments from totally separate and different areas of the law is ill-advised and unconvincing.

The Johnsons argue that under Alaska's divorce law, income and retirement benefits earned during the marriage, are part of the marital estate and belong 50% to the "non-member spouse." [Docket 26 at 4, n.8]. However, Alaska is an equitable division jurisdiction not a community property state. The respective spouse's "equitable share" of the marital estate is not determined until the event and time of divorce. The trial court has broad discretion in property division cases. AS 25.24.160(a)(4); *Moffitt v. Moffitt,* 749 P.2d 343, 346 (Alaska 1988). When a marriage is one of long duration and the parties have commingled their assets, property division in divorce proceedings essentially consists of three steps: (1) determining what property is available for distribution; (2) placing a value on that property; and (3) allocating the property equitably. *Moffitt,* 749 P.2d at 346. A divorce court may award varying assets and varying percentages of the marital estate to each spouse. There is no way to pre-determine what assets or share of the marital estate a court might award in a divorce decree at some undetermined date

in the future.

Further, the Johnsons' "marital estate" theory is highly speculative.  If Greg were to predecease Kim in the future, all of the theoretical "losses" to Greg would disappear since he would not lose any inheritance rights and there would be no divorce property distribution.  If the Johnsons were to divorce in the future, any post-separation wages or pension benefits that Kim might earn would not be part of the marital estate.  It would be speculative to try to determine and award damages based on predictions as to these future events and divorce court rulings.

Finally, the government does not object to certifying this novel theory of tort damages to the Alaska Supreme Court.

RESPECTFULLY SUBMITTED on October 22, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2007,
a copy of the foregoing **UNITED STATES' RESPONSE IN
OPPOSITION TO JOHNSONS' MOTION FOR
RECONSIDERATION**  was served electronically
on Ray R. Brown.

s/ Susan J. Lindquist_____