Ray R. Brown
Mauri Long
Danée Pontious
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 100
Anchorage, AK  99501
Phone 277-5400
Fax   277-9896

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GREGORY JOHNSON and KIMBERLY JOHNSON, individually and on behalf of their minor children, MADISON JOHNSON and ALEXANDER JOHNSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:06-CV-00120-RRB |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF MR. OWENS' AND MR. WOOTEN'S PRACTITIONER NARRATIVES**

**I.   INTRODUCTION**

Plaintiffs respectfully move this court for an order compelling defendant, the United States of America, to produce two "Practitioner Narratives" authored by witnesses, Michael V.

Owens and Robert Wooten.  The plaintiffs have in good faith attempted to confer with the defense in an effort to resolve this dispute without court action pursuant to Rule 26(c). Therefore, the plaintiffs request this court to order the defendant to produce this information within two weeks of its order to do so.

## II.   FACTUAL BACKGROUND

In May 2004, Greg Johnson injured his back while lifting portable computer labs in Unalakleet, Alaska.  Over the next few days, he received treatment from Norton Sound Health Care Corporation medical staff, who failed to identify or react in a timely and appropriate fashion to the signs and symptoms he displayed of progressive neurological injury.  When Mr. Johnson was finally medevaced out of Unalakleet to Anchorage, he was attended by two paramedics, Michael V. Owens and Robert Wooten, whose statements are presently at issue.

Upon arrival in Anchorage, Greg Johnson was seen by Dr. Cohen, a neurosurgeon, who diagnosed Greg's condition as cauda equina syndrome, a disorder affecting the bundle of nerve roots at the lower end of the spinal cord, and one of the few orthopedic emergencies.  As a result of delayed treatment, Greg

Johnson is now permanently paralyzed and has lost bladder, bowel, and sexual function, leading to the present lawsuit.

In the United States of America's Initial Disclosures, it claimed several documents that it would not be producing. Amongst those documents were the "Practitioner Narratives" of Michael V. Owens and Robert Wooten, the paramedics that assisted in the medevac transport of Mr. Johnson from Unalakleet to Anchorage. In an email to defense counsel on April 19, 2007, plaintiffs' counsel requested a description of the documents as well as the nature of the privilege claimed.[1]  Defense counsel responded that the statements bear the fax date of August 24, 2005 and were made pursuant to the request of paralegal Dorothea Koehler.[2]  Defense counsel claimed those documents were privileged under Federal Rule of Civil Procedure 26(b)(3), which protects material prepared in anticipation of litigation, unless there is a showing of substantial need and undue hardship. Plaintiffs assert that the documents are verbatim statements of witnesses, who are not defendants or members of the control

---

[1]  See Exhibit A, email between plaintiffs' counsel, Ray R. Brown, and defense counsel, Susan Lindquist, dated April 19, 2007 through April 20, 2007.

[2]  *Id.*

Gregory Johnson, et al. v. USA, et al.
Case No. 3:06-CV-00120-RRB
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF MR. OWENS' AND MR. WOOTEN'S PRACTITIONER NARRATIVES
Page 3 of 8

group, and are therefore not protected by either the work product or attorney/client privilege.

### III. LEGAL ARGUMENT

**A. Mr. Owens' and Mr. Wooten's Statements in the "Practitioner Narratives" are not Privileged.**

Counsel for the United States of America has claimed that the "Practitioner Narratives," which consist of written statements by non-party witnesses, Michael Owens and Robert Wooten, are privileged work product. Defense counsel stated:

> These statements are privileged as they were made after the SF 95 claim was filed, at the request of OGC (Office of General Counsel). Fed. R. Civ. P. 26(b)3 (sic) protects material prepared in anticipation of litigation unless there is showing of substantial need and undue hardship. These elements do not exist in this case because Mr. Owens was already deposed and I have provided current contact information for Mr. Wooten.[3]

To the best of undersigned counsel's knowledge, based on the representations made by defense counsel, the "Practitioner Narratives" are verbatim statements of the facts as perceived by Mr. Owens and Mr. Wooten in August of 2005, and written by Mr. Owens and Mr. Wooten themselves. No attorney/client privilege

---

[3] *Id.*

Gregory Johnson, et al. v. USA, et al.
Case No. 3:06-CV-00120-RRB
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF MR. OWENS' AND MR. WOOTEN'S PRACTITIONER NARRATIVES
Page 4 of 8

has been claimed for Mr. Owens and Mr. Wooten in defense counsel's Initial Disclosures.[4]

Mr. Owens was deposed in March 2007. Mr. Owens' recollection of the events in August 2005 may have been clearer than it was over a year and a half later when he was deposed. Additionally, these facts may be relevant for impeachment purposes. Mr. Wooten has not yet been deposed, and the decision to do so may be based in part on what factual knowledge he possesses regarding these events and whether it is worth the substantial expense to depose him in light of the knowledge he has.

Under the facts of this case, the requested statements do not fall within the work product privilege of Fed. R. Civ. P. 26(b)(3). The United States District Court for the District of Alaska has held that verbatim, third-party witness statements made in response to an attorney questionnaire as part of the development of the case were not protected from discovery under the work product privilege.[5] In *Dobbs v. Lamonts Apparel, Inc.*, the court stated, "Rule 26(b)(3) has application to discovery of

---

[4] See Exhibit B, United States of America's Initial Disclosures, dated October 23, 2006.

[5] 155 F.R.D. 650, 625 (D. Alaska 1994).

'documents and tangible things otherwise discoverable'; and… It does not bar discovery of facts a party may have learned from documents that are not themselves discoverable.'"[6]

The *Dobbs* court recognized that the availability of relevant facts to both parties is necessary for effective litigation.[7] The court cited an Alaska Supreme Court case, *Van Alen v. Anchorage*, in which the Supreme Court held that eye witness statements were unique, and by their very nature satisfied the "substantial need" and "undue hardship" requirements of the corresponding Alaska work product rule.[8] The *Dobbs* court concluded:

> This court is not bound by Alaska decisions, but this court concurs in *Van Alen* and would, as hereinabove suggested, make all verbatim third-party witness statements discoverable under Rule 34, Federal Rules of Civil Procedure. Were we dealing with counsel's "summaries" of witness statements, or any other formulation of them which demonstrably involved counsel's thought processes, then a different result would probably be required. The fact that counsel posed the questions, however, should not insulate the answers from discovery.[9]

Undersigned counsel is not seeking the legal impressions, analysis, or strategies of opposing counsel. The "Practitioner's

---

[6] *Id.* (citing 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2028 at 240 (1970 & Supp. 1993).

[7] *Id.* at 652.

[8] 536 P.2d 784 (Alaska 1975).

Gregory Johnson, et al. v. USA, et al.
Case No. 3:06-CV-00120-RRB
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF MR. OWENS' AND MR. WOOTEN'S PRACTITIONER NARRATIVES
Page 6 of 8

Narrative" is not protected by attorney/client or work product privileges. Instead, they contain facts that were perceived by two witnesses a year after the events. Under the *Dobbs* case, plaintiffs' counsel need not establish substantial need or undue hardship. Therefore, these statements should promptly be provided to plaintiffs.

### III. CONCLUSION

For the above-stated reasons, it is respectfully requested that this court grant the plaintiffs' Motion to Compel Production of Mr. Owens' and Mr. Wooten's Practitioner Narratives and that the court order the defense counsel to provide these documents within two weeks of issuance of its order.

DATED this 13th day of December 2007, at Anchorage, Alaska.

                        DILLON & FINDLEY, P.C.
                        Attorneys for Plaintiffs

                        By: s/Ray R. Brown/Mauri Long/Danée Pontious
                            Ray R. Brown, ABA No. 8206012
                            Mauri Long, ABA No. 9001001
                            Danée Pontious, ABA No. 0411076
                            1049 W. 5th Avenue, Suite 100
                            Anchorage, Alaska  99501
                            Phone:  277-5400
                            Fax:    277-9896
                            Email:  ray@dillonfindley.com
                                        mauri@dillonfindley.com
                                        danee@dillonfindley.com

---

[9]    *Id.* at 653.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2007 a copy of the foregoing Memorandum in Support of Motion to Compel Production of Mr. Owens' and Mr. Wooten's Practitioner Narratives was served electronically on Susan J. Lindquist.

s/Ray R. Brown

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896