# Ray Brown

**From:** Lindquist, Susan (USAAK) [Susan.Lindquist@usdoj.gov]
**Sent:** Friday, April 20, 2007 1:53 PM
**To:** ray brown
**Cc:** Mauri Long; Danee L. Pontious
**Subject:** RE: Declarations

Yes this correspondence satisfies the requirement to confer. I will not produce the statements.

---

**From:** ray brown [mailto:ray@dillonfindley.com]
**Sent:** Friday, April 20, 2007 10:33 AM
**To:** Lindquist, Susan (USAAK)
**Cc:** 'Mauri Long'; 'Danee L. Pontious'
**Subject:** RE: Declarations

Susan,

Thanks for the prompt reply. While I understand that some documents prepared in anticipation of litigation are protected, these appear to be statements of factual information created by a witness. It does not appear that either of these individuals were part of the control group at Norton Sound. Accordingly, I believe that the statements are discoverable. I will do further research to make that determination and let you know my conclusions. In the event that I remain un-persuaded (is that a word?) may we assume that this correspondence satisfies our Rule 37 requirements before filing a motion to compel?

Thanks
Ray

---

**From:** Lindquist, Susan (USAAK) [mailto:Susan.Lindquist@usdoj.gov]
**Sent:** Friday, April 20, 2007 9:49 AM
**To:** ray brown
**Subject:** RE: Declarations

Both statements are in the declarants' own handwriting on the form "Practitioner's Narrative."
The statements are not dated, but they are written on the form which bears a fax date of August 24, 2005.

In a letter dated August 24, 2005, HHS paralegal Dorothea Koehler requested that the medical providers provide a narrative statement. She stated that the statements are to assist the Office of General Counsel ("OGC") and the U.S. Attorney's Office in evaluating the claim. Letter paragraph 3., Bates HHS 32-34.

These statements are privileged as they were made after the SF 95 claim was filed, at the request of OGC. Fed.R.Civ.P. 26(b)3 protects material prepared in anticipation of litigation unless there is showing of substantial need and undue hardship. These elements do not exist in this case because Mr. Owens was already deposed and I have provided current contact information for Mr. Wooten.

---

**From:** ray brown [mailto:ray@dillonfindley.com]
**Sent:** Thursday, April 19, 2007 4:20 PM
**To:** Lindquist, Susan (USAAK)
**Cc:** 'Danee L. Pontious'; 'Mauri Long'
**Subject:** Declarations

EXHIBIT A
PAGE 1 OF 2

12/13/2007

Susan,

You are apparently claiming a privilege as to 2 declarations apparently authored by Michael Owens and Robert Wooten. As to Mr. Wooten you are not claiming an attorney client privilege but as to Mr. Owens you are under the auspices that he is a current employee. I would appreciate some further description of the documents in order to determine whether or not we will be filing a motion to compel. Could you advise as to what the declarations are; when they were obtained; by whom they were obtained (at whose request) and whether they are in the declarant's own writing or were composed by the declarants.

EXHIBIT A
PAGE 2 OF 2

12/13/2007