NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY JOHNSON and KIMBERLY JOHNSON, individually and on behalf of their minor children, MADISON JOHNSON and ALEXANDER JOHNSON,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | ) Case No.  3:06-cv-00120-RRB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **UNITED STATES' OPPOSITION**<br>) **TO THE MOTION TO COMPEL**<br>) **AT DOCKET 34**<br>) |

　　　The United States, through counsel, opposes the motion to compel factual

witness statements obtained by counsel in anticipation of litigation because they

are protected work product.  The Johnson's can only obtain them with a showing of substantial need or an inability to get the information by another means.

## FACTS

The Johnsons filed an S.F. 95 administrative claim on August 8, 2005.  Ex. A.  The claim is evaluated by the Office of General Counsel, Claims and Employment branch of the Department of health and Human Services (DHHS).  Ex. C at 1.  To prepare the case, the attorneys have standard requests for the paralegals to obtain information, such as witness statements, called practitioner's narratives.  Ex. C at 1-2.

For this case, on August 24, 2005, Dorothea Kohler, a DHHS paralegal requested practitioner narratives from employees at the Norton Sound Health Corp. ("NSHC").  Ex. C at 2.  In response, NSHC faxed her completed practitioner narratives of Robert Wooten and Michael Owens, which bear a fax date of August 25, 2005.  Ex. C at 2.

Wooten and Owens were both medical providers on the medevac flight to transport Greg Johnson.  Ex. B; Dkt. 35-3 at 5.  Owens recorded what he did and observed on the medevac record.  Ex. B.  Owens is a current NSHC employee, still

lives in Nome, and has already been deposed in this case. Dkt 35 at 5. Wooten is no longer a NSHC employee and the Johnson's have been provided his contact information. Dkt 35-2 at 1.

## ANALYSIS

"The primary purpose of the workproduct rule is to 'prevent exploitation of a party's efforts in preparing for litigation.'" *Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576 (9th Cir.1992)*. Federal Rule of Civil Procedure 26(b)(3) protects documents against discovery when (1) they are "prepared in anticipation of litigation or for trial," and (2) they were prepared "by or for another party or by or for that other party's representative." Whether a document is work-product is decided by using the "because of" test. *In re Grand Jury Subpoena (Mark Torf/Mark Torf Environmental Management), 370 F3d 900, 907 (9th Cir. 2004)*. A document should "be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *Id.*

"Once a document or tangible thing is determined to be work product, the

showing necessary to overcome the privilege depends on whether the work product is opinion work product or fact work product. For "fact" work product, that is work-product that does not contain legal opinions or conclusions, the party seeking discovery must meet the "substantial burden" and "undue hardship" tests outlined in <u>Rule 26</u>. Opinion work product, on the other hand, constitutes thoughts, strategies, legal opinions and conclusions by an attorney. Opinion work product is given stronger protection and is discoverable only in rare circumstances where the party seeking discovery can show extraordinary justification." *Burlingame v. County of Calaveras   Slip copy 2007 WL 2669523, 3 (E.D. Cal. Sept. 2007); see   Upjohn Co. V. U.S., 449 U.S.383, 400-01 (1980)* (recognizing the difference between tangible documents (fact) and the attorney's mental impressions (opinion) without deciding if mental impressions are ever discoverable even upon an extraordinary showing of need).

      The documents at issue in this case are fact work product. The narratives were obtained after litigation was commenced through the administrative claims procedure which is directed by paralegals at the direction of an attorney. Thus, they were obtained "because of" the litigation. Fact work product may be ordered disclosed if the requesting party demonstrates both a "substantial need" and "an

inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *Holmgren 577State farm Mut. Auto. Ins. Co. 976 F.2d 573 (9th Cir. 1992).* Without Rule 26(b)(3)'s showing of substantial need and undue hardship, the requesting party must rely on alternative means, for example depositions, for discovering the non-privileged facts contained within the underlying protected document.

  The Johnson's rely on *Dobbs v. Lamonts Apparel, Inc., 155 F.R.D. 650 (D. Alaska 1994)* for the proposition that if the document is a factual statement then it is irrelevant whether it was prepared in anticipation of litigation, it is discoverable without a substantial need. But even in *Dobbs*, the court acknowledged that there was some showing of need made. *Id. at 653.* Despite the fact that the material requested in *Dobbs* was fact work product, the court appeared only to focus on the protection afforded opinion work product. It wrote: "What counsel are entitled to protect is *their* work and *their* thoughts and *their* analysis of the case, not the knowledge possessed by third parties." Dobbs at 653. But the Ninth Circuit has stated that the "primary purpose of the workproduct rule is to 'prevent exploitation of a party's efforts in preparing for litigation.'" *Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576 (9th Cir.1992).* A party's efforts certainly can

involve the gathering of facts by obtaining witness statement.

In *Taylor v Hickman, 329 U.S. 495, 497 (1947)*, the seminal work product case, the Court addressed the very issue that is presented in this case: "the extent to which a party may inquire into oral and written statements of witnesses, or other information, secured by an adverse party's counsel in the course of preparation for possible litigation after a claim has arisen. " In *Taylor,* Mr. Fortenbaugh, the attorney resisting discovery, had obtained signed witness statements. The opposing party, the petitioner, "sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired." *Id.* at 508. The Court noted that the petitioner had received answers to interrogatories about the events and the witnesses were available to him for deposition. The Court characterized the petitioner's request for the written statements themselves as "an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice." *Id.* at 509. The Court thoroughly analyzed the issue and wrote:

> In our opinion, neither Rule 26 nor any other rule dealing with discovery contemplates production under such circumstances. That is not because the subject matter is privileged or irrelevant, as those concepts are used in these *510 rules.[FN9] Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.

In our case, of course, the discovery sought is written statements in the files of an HHS attorney obtained in the course of his legal duties. Here, as in *Taylor,* the witnesses are known and available and there is no need for the Johnson's to benefit from HHS's attorneys' diligent preparation of the case. The CELB employees prepared for litigation by contacting witnesses and eliciting statements. In this case, the Johnson's should be required to do the same, through depositions and interrogatories, unless they prove substantial hardship. The Johnson's have already deposed Owens. Moreover, there is factual information in Owens' medical note which he wrote when he assisted Greg Johnson. Ex. B. Although the Johnson's claim that Owens' already completed deposition is no substitute for his memory in August of 2005 when the narrative was elicited, this is pure conjecture. More than fifteen months had passed between the medivac and the

statements and the memory loss may have remained constant. As to Mr. Wooten, he is no longer an employee and thus the Johnson's can contact him or depose him.

## CONCLUSION

The narratives are fact work product created at the direction of the attorneys charged with administering tort claims. They are protected unless the Johnson's can show " a "substantial need" and "an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *Dobbs* did not write out the requirement to show substantial need for fact work product. As the Johnson's do not have any substantial need, the government asks the court to deny the motion to compel.

RESPECTFULLY SUBMITTED on January 25, 2008.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2008, a copy of the foregoing **UNITED STATES' OPPOSITION TO THE MOTION TO COMPEL AT DOCKET 35** was served electronically on Ray R. Brown.

s/ Susan J. Lindquist