## DECLARATION OF RICHARD G. BERGERON

I, Richard G. Bergeron, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Senior Attorney and Team Leader in the Office of the General Counsel (OGC), Claims and Employment Law Branch ("CELB"), of the United States Department of Health and Human Services (DHHS). Among my responsibilities is to evaluate administrative tort claims submitted pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA") and to recommend a final disposition to Lisa Barsoomian, the Deputy Associate General Counsel for CELB.

2. I have access to agency records relating to the filing, evaluation, and disposition of administrative tort claims presented to DHHS under the FTCA. Agency procedures require that all FTCA claims be submitted to the Claims Office within the DHHS Office of General Counsel for initial investigation.

3. As a routine business practice, the Claims Office maintains a record of each such claim it receives, assigns a unique claim number, and creates and maintains an administrative file for each claim.

4. Working under the direction of two senior CELB attorneys, the Claims Office personnel, both of whom are senior paralegals and employees of DHHS, perform an initial review and investigation of all administrative tort claims, which involves, *inter alia*, evaluating the timeliness and sufficiency of the claims and gathering pertinent documents. The Claims Office paralegals request copies of various records from the community health center or health care facility identified in the administrative tort claim. Records which exist before the claim is

Exhibit C

filed typically requested include W-2 forms and licensing certificates for health center employees, employment or tribal contracts and compacts, medical malpractice insurance policies and medical records.

5. The CELB paralegals, at the direction of OGC counsel, often request employees, who were involved in the actions which form the basis of the administrative claim, to write a practitioner's narrative, in which they communicate their role in the events which form the basis of the tort. The bottom of the form states "Confidential - Attorney Work Product."

6. Once the Claims Office paralegals have completed their initial investigation, and received the practitioner's narratives, they place all of the documentation they have collected in the administrative file. They then forward a copy of the administrative file to me, and I assign the matter to an OGC attorney.

7. The assigned OGC attorney evaluates the administrative tort claim on the merits and makes a recommendation to the Deputy Associate General Counsel for CELB as to the final disposition of the claim.

8. In this case, Dorothea Koehler, a CELB paralegal, requested practitioner narratives from the Norton Sound Health Corporation on August 24, 2005. Ex. A. The narratives bear no date, but they are dated by a fax machine with an August 24, 2005 date. I have reviewed the documents produced pursuant to this request which are identified as the practitioner narratives written by Robert Wooten and Michael Owens, for which the United States has asserted the work product privilege.

Exhibit C

with the procedures described in Paragraphs five and six above for the purposes of litigation. But for the filing of the Johnsons' administrative claim form, the narratives would not have been created.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 17, 2008 in Washington, D.C.

RICHARD G. BERGERON
Senior Attorney, Claim and Employment Law Branch
Office of the General Counsel
United States Department of Health and Human Services

3

Exhibit C