Ray R. Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 100
Anchorage, AK  99501
Phone 277-5400
Fax   277-9896

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

GREGORY JOHNSON and KIMBERLY )
JOHNSON, individually and )
on behalf of their minor )
children, MADISON JOHNSON and )
ALEXANDER JOHNSON, )
                              )
           Plaintiffs, )
vs. )
                              )
UNITED STATES OF AMERICA, )
                              )
           Defendant. )
_____)   Case No. 3:06-CV-00120-RRB

**REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF MR. OWENS' AND MR. WOOTEN'S PRACTITIONER NARRATIVES**

    Third-party witnesses Michael Owens and Robert Wooten each prepared a statement that was later identified by defense counsel as privileged work product. The "practitioner narratives" are described as verbatim statements by Mr. Owens

and Mr. Wooten written at the request of Dorothea Koehler, a DHHS paralegal. Although defense counsel claims that these documents are work product privileged, as previously discussed and further elaborated herein, the United States District Court for the District of Alaska has found that verbatim witness statements, by their very nature, satisfy the substantial need and undue hardship requirement of Federal Rule of Civil Procedure 26(b)(3). For the reasons set forth below, plaintiffs request the Court to order the production of said documents.

### A. Mr. Owens' and Mr. Wooten's Statements in the "Practitioner Narratives" are not Privileged.

According to defense counsel, the "practitioner narratives" at issue are verbatim third-party witness statements prepared by Michael Owens and Robert Wooten. As thoroughly discussed in the plaintiffs' memorandum, the verbatim statements of third-party witnesses are not protected by the work product privilege.

Defense counsel failed to distinguish the issue presently before this Court from that addressed in *Dobbs v. Lamonts Apparel, Inc*.[1] In fact, defense counsel even misrepresents the holding in *Dobbs*, stating, "Despite the fact that the material requested in *Dobbs* was fact work product, the court appeared

---

only to focus on the protection afforded opinion work product."[2] To the contrary, in *Dobbs*, the court identified the issue as whether plaintiffs may "… insulate from discovery the verbatim, third-party witness statements obtained as part of the development of their case."[3]  The *Dobbs* court concluded, "It is the view of this court that a verbatim witness statement, even one solicited by counsel, is *per se* necessary to the full and efficient development of a case."[4]  Thus, according to *Dobbs*, a District Court of Alaska case, a showing of substantial need or inability to otherwise obtain the material is established when the document is a third-party verbatim statement.  The court declared, "What is qualifiably privileged is the work of counsel.  What a witness 'knows' is not the work of counsel."[5]

Defense counsel asserts that the plaintiffs can acquire the information contained in the "practitioner narratives" through the use of depositions and interrogatories.  However, the *Dobbs* court expressly rejected this position:

---

[1]   155 F.R.D. 650, 651 (D. Alaska 1994).

[2]   *See* "United States' Opposition to the Motion to Compel at Docket 34," at p. 5.

[3]   *Dobbs* at 651.

[4]   *Id*. at 653.

> Plaintiffs suggest that the discovery work can be done the hard and expensive way rather than the more efficient and less costly way. Plaintiffs' insistence that the defendant use the deposition route is the kind of 'knee-jerk' response that brings counsel and the court into disrepute with the public. The court rejects this notion.[6]

As mentioned in the plaintiffs' memorandum of law, it has not deposed Mr. Wooten. The decision on whether to depose Mr. Wooten will be made based on the information revealed in the "practitioner narratives." Without the statement, the plaintiffs will be forced to endure the time and expense of deposing Mr. Wooten, perhaps needlessly so. Furthermore, the use of interrogatories to obtain the same information as that contained in the "practitioner narratives" is an insufficient substitute. The answers provided by counsel will undoubtedly vary from the witnesses' own statements, as the answers are counsel's interpretations of what the witnesses have said.

With regard to Mr. Owens, who has already been deposed, defense counsel argues that it is purely conjecture that Mr. Owens' memory may have faded from the time he wrote the "practitioner narrative" to the time he was eventually deposed, nearly a year and a half later. This "pure conjecture" was acknowledged by the court as a very realistic problem. "Given

---

[5] *Id*. at 652.

the opportunity to answer the same question twice at a substantial time interval, almost anyone will answer the question differently unless coached to give the same answer."[7] Thus, Mr. Owens' "practitioner narrative" is the best evidence as to his perception of the events, and the plaintiffs are entitled to its production.

Finally, defense counsel concludes, "*Dobbs* did not write out the requirement to show substantial need for fact work product."[8] On this point alone is defense counsel's argument concerning the *Dobbs* case correct. *Dobbs*, instead, recognized that the Federal Rules of Civil Procedure are to "… be construed to secure the just, speedy, and inexpensive determination of every action."[9] To allow counsel to cloak verbatim witness statements from non-party witnesses in the protection of work product privilege would be expensive, burdensome, would protract litigation, and would be counter to the letter and spirit of the Federal Rules of Civil Procedure. The work product privilege was meant to protect the mental impressions and legal theories

---

[7] *Id.* at 652.

[8] *See* "United States' Opposition to the Motion to Compel at Docket 34," at p. 8.

[9] *Dobbs* at 652 (citing Federal Rule of Civil Procedure 1).

of counsel.[10] As aptly expressed by the court and quoted by defense counsel, "What counsel are entitled to protect is *their* work and *their* thoughts and *their* analysis of the case, not the knowledge possessed by third parties."[11]

### CONCLUSION

As the verbatim third-party witness statements are *per se* necessary to the full and efficient development of the plaintiffs' case, the plaintiffs respectfully request the court to order the production of Mr. Owens' and Mr. Wooten's "practitioner narratives" within two weeks of issuance of its order to do so.

DATED this 30th day of January 2008, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: s/Ray R. Brown
Ray R. Brown, ABA No. 8206012
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Phone: 277-5400
Fax: 277-9896
Email: ray@dillonfindley.com

---

[10] *Id*. at 653.

[11] *Id*.

Gregory Johnson, et al. v. USA, et al.
Case No. 3:06-CV-00120-RRB
REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF MR. OWENS' AND MR. WOOTEN'S PRACTITIONER NARRATIVES
Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2008 a copy of the foregoing Reply to Defendant's Opposition to Motion to Compel Production of Mr. Owens' and Mr. Wooten's Practitioner Narratives was served electronically on Susan J. Lindquist.

s/Ray R. Brown

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896