NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

RECEIVED

FEB 15 2008

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY JOHNSON and KIMBERLY JOHNSON, individually and on behalf of their minor children, MADISON JOHNSON and ALEXANDER JOHNSON, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:06-cv-00120-RRB <br><br><br><br><br><br><br><br><br><br><br><br> **UNITED STATES' ANSWERS TO PLAINTIFFS' FOURTH REQUEST FOR INTERROGATORIES AND PRODUCTION** |

The United States, through counsel, responds to Plaintiffs' Fourth Interrogatories and Requests for Production as follows:

## INTERROGATORIES

**INTERROGATORY NO. 13:** Please identify the basis for compensation and the amounts of compensation, including earnings bonuses and benefits, over the past 5 years Dr. Steven Day has received from his work with Strauss & Shavelle, Inc..

**ANSWER:**

The basis for my compensation is the work that I do on behalf of Strauss and Shavelle, Inc. This compensation in no way depends on whether I do work for clients representing plaintiffs or defense. I receive a monthly salary and periodic discretionary bonuses. My compensation does not depend in any way on how many hours I work on a given case, how many times I am retained by any given law firm or by the U.S. Dept. of Justice, or whether the attorney finds the opinion useful. I am retained by defense counsel on approximately 70% of the litigation cases on which I consult. On the other 30% I am retained by plaintiffs' counsel.

More than 99% of my earned income over the past 5 years has been from Strauss & Shavelle, Inc. Less than 1% coming from small stipends I have been paid for



giving invited lectures on life expectancy. Approximately 80% of the revenue of Strauss & Shavelle, Inc. is from consulting on life expectancy in litigation. I have provided by fee schedule (Bates 4735). My rate is $400.00 per hour, but on rare cases I have agreed to work at a lower rate, $300.00 per hour, when the organization which is hiring me is restrained by limits.

My working relationship with Strauss & Shavelle, Inc. (as an independent consultant) restricts my ability to discuss my compensation in any further details. Further, If I were to do so it would compromise my own privacy and the privacy of employees of the company. However, any further information regarding my compensation or working relationship with Strauss & Shavelle, Inc. will in no way reveal further information about (a) what percentage of my income derives from litigation-related work (e.g., expert witness work); or (b) what percentage of my consulting in litigation is done for defense as opposed to plaintiffs. Both of these questions have already been answered in full above.

**REQUEST FOR PRODUCTION NO. 32:** Please provide a copy of any and all W-2's and 1099's showing all amounts paid to Dr. Steven Day for the past 5 years and any other documents that reflect compensation Dr. Day received from Strauss & Shavelle, Inc.

**RESPONSE:**

Objection irrelevant. Dr. Day will not produce these documents. In lieu of producing the W'2's or 1099 forms, Dr. Day has provided in the interrogatory the information courts find relevant for impeachment. He is also providing his fee schedule.

*See Rogers v U.S. Navy, 223 F.R.D. 533 (S.D.CA 2004)*

"Dr. Schwab has agreed to provide estimates of the *percentage* of his medical practice that involves forensic work versus clinical work, the *percentage* of his income that is derived from forensic work, the *percentage* of his forensic practice that is on behalf of plaintiffs versus defendants, the number of forensic evaluations he performs per week, and his hourly billing rate for performing forensic services. In addition, of course, Dr. Schwab has agreed to disclose the actual dollar amount that he has been paid by the government for his services in this case. Dr. Schwab,

however, will refuse to answer any questions seeking to learn his gross annual income earned as a result of forensic work or his gross annual income from all of his combined medical activities." *Id.* at 535

"The Court concludes that Plaintiff's counsel will be more than able to challenge Dr. Schwab's impartiality at the time of trial based upon the information he has been willing to provide without the need to learn the actual dollar amount of Dr. Schwab's annual income" *Id.* at 536

Objection by
_____
Susan Lindquist

**REQUEST FOR PRODUCTION NO. 33:** Please produce copies of any and all contracts between Dr. Steven Day and Strauss & Shavelle, Inc.

**RESPONSE:** There is no contract or written memorandum.

RESPECTFULLY SUBMITTED on February 6, 2008.

> NELSON P. COHEN
> United States Attorney
>
> /s/ Susan J. Lindquist
> Assistant U. S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3378
> Fax: (907) 271-2344
> E-mail: susan.lindquist@usdoj.gov
> AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2008, a copy of the foregoing UNITED STATES' ANSWERS TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION AND INTERROGATORIES was served ~~electronically~~ on Ray R. Brown and Mauri Long. *by US Mail.*

s/ Susan J. Lindquist

K Joy McCulloch, paralegal

Johnson v. US, et.al.
3:06-cv-00120-RRB                              -6-

EXHIBIT B
PAGE 6 of 7

## VERIFICATION OF INTERROGATORIES

I, Steven Day, declare under penalty of perjury, that the following is true,

I answered Interrogatory No.(s) 13.

I verify that my answer(s) is/are true to the best of my knowledge, and that I will supplement my answer(s) with any newly discovered facts that may affect the validity of the answer(s) given.

Date: 6 February 2008          _____
                               Steven M. Day, PhD
                               Expert Consultant, Strauss & Shavelle, Inc.

Declarations have the same legal force as affidavits.  28 U.S.C. § 1746

EXHIBIT B
PAGE 7 of 7